**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| BETHANY ANN ROLLINS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:26-cv-410-TES-AGH |
| | : | |
| WARDEN JESSIE WILLIAMS, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

*Pro se* Petitioner Bethany Ann Rollins, an inmate in the Emanuel Women's Facility in Swainsboro, Georgia, filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). However, Petitioner failed to pay the $5.00 filing fee or moved to proceed *in forma pauperis* (IFP). Petitioner is therefore **ORDERED** to either pay the $5.00 filing fee or move to proceed IFP by filing "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." R. 3(a)(2), Rules Governing § 2254 Cases. The Clerk shall mail Petitioner the Court's standard form to use for this purpose.

In addition, the Court reviewed the Petition and needs more information to assist in its review of this case. Specifically, it is unclear whether Petitioner has exhausted available state remedies. Before a petitioner can bring a federal habeas petition, she must exhaust available state remedies. 28 U.S.C. § 2254(b)-(c); *Pope v.*

*Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). To properly exhaust, Petitioner must have presented her claims to the highest court in the state, either on direct appeal or state collateral review. The state courts must be given one full round of appellate review of the grounds for relief, even if the review in the state supreme court is discretionary. *Pope*, 358 F.3d at 854 (citations omitted) (holding that a petitioner fails to "exhaust [her] state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of [her] state habeas petition").

On the Court's standard § 2254 form, Petitioner states she filed a motion to reduce or modify her sentence in the Superior Court of Decatur County, Georgia, on January 7, 2025. Compl. 3, ECF No. 1. It is unclear whether this motion is still pending because Petitioner did not specify whether she received the results of this motion. *Id.* Petitioner also suggests she may have filed a habeas petition in state court, but it is likewise unclear whether this petition is still pending. *Id.* at 12.

Petitioner must supplement her petition with information describing the efforts she has made to exhaust her state remedies in this case. To the extent possible, Petitioner should identify the specific courts in which she filed any appeals, petitions, motions, or other such documents related to her convictions; the dates she filed such documents; the results of any such filing or related proceeding; and the dates she received any such results. Petitioner should ensure that her supplement is marked with the case number for this case.

Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) either pay the $5.00 filing fee or file a motion to proceed IFP and (2) supplement her recast petition to include information regarding exhaustion in accordance with the Court's instructions above. Petitioner is also directed to inform the Court immediately and in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order.

**SO ORDERED**, this 4th day of November 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE